UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
   Plaintiff,

 v.               Case No. 05-CR-213

TIMOTHY NASH
   Defendant.

## SENTENCING MEMORANDUM

Defendant Timothy Nash pleaded guilty to conspiracy to distribute five grams or more of crack cocaine. 18 U.S.C. §§ 841(a)(1) & (b)(1)(B). Without objection, the pre-sentence report ("PSR") recommended a base offense level of 32, U.S.S.G. § 2D1.1(c)(4), then subtracted 2 levels because defendant qualified for the safety valve, § 2D1.1(b)(7), and 3 levels based on acceptance of responsibility, § 3E1.1. Combined with a criminal history category of I, the imprisonment range was 70-87 months under the advisory sentencing guidelines. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I decided to impose a sentence of 57 months.

## I. SENTENCING FACTORS

Section 3553(a) sets forth seven factors the sentencing court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

## II. DISCUSSION

### A. Nature of Offense

Defendant was involved in a crack cocaine distribution conspiracy headed by Donald Chambers and Dante Jordan from 2004 to early 2005, as a part of which he received about 100 grams of crack. There was no indication of weapon possession, violence or threats, or leadership or recruitment of others, so the offense was not aggravated. He qualified for the safety valve under 18 U.S.C. § 3553(f).

### B. Character of Defendant

Defendant was 23 years old and had just a minor prior record comprised of a juvenile drug case and various ordinance violations. He had no adult criminal convictions. He graduated from high school and compiled a substantial employment record, mostly short-term jobs, but he had worked for a living. It did not appear that he supported himself

by dealing. He had no children, which showed some responsibility. Not had he ever been in a gang. It appeared that his childhood was pretty rough, which made his accomplishments that much more praiseworthy. He did violate his conditions of pre-trial release, leading to his revocation. However, on balance, he seemed to be a fairly responsible young man, under the circumstances.

**C.     Purposes of Sentencing**

I saw no particular risk of recidivism or any indication that defendant was dangerous. There was a need for some significant period of confinement to reflect the seriousness of the offense and deter others. Defendant did seem to have substance abuse issues, and I considered those needs by making recommendations to the BOP and in the conditions of supervised release.

**D.     Consideration of Guidelines**

The guidelines recommended a term of 70-87 months, but I concluded that a sentence within the range was somewhat greater than necessary to satisfy the purposes of sentencing.

First, the range did not account for defendant's positive personal qualities. Unlike many others who came from his environment, which, as he described it, was plagued by drugs and violence, he graduated from high school and worked legitimate jobs. He provided assistance to his mother in her struggles with drug abuse and a lung disease, and also helped his aunt, who was HIV positive. He also treated his girlfriend's child as his own and helped raise her. His girlfriend wrote a letter praising defendant and his role in raising the child, whom he considers his own. Further, after being detained, defendant sought to

3

by dealing. He had no children, which showed some responsibility. Not had he ever been in a gang. It appeared that his childhood was pretty rough, which made his accomplishments that much more praiseworthy. He did violate his conditions of pre-trial release, leading to his revocation. However, on balance, he seemed to be a fairly responsible young man, under the circumstances.

**C.     Purposes of Sentencing**

I saw no particular risk of recidivism or any indication that defendant was dangerous. There was a need for some significant period of confinement to reflect the seriousness of the offense and deter others. Defendant did seem to have substance abuse issues, and I considered those needs by making recommendations to the BOP and in the conditions of supervised release.

**D.     Consideration of Guidelines**

The guidelines recommended a term of 70-87 months, but I concluded that a sentence within the range was somewhat greater than necessary to satisfy the purposes of sentencing.

First, the range did not account for defendant's positive personal qualities. Unlike many others who came from his environment, which, as he described it, was plagued by drugs and violence, he graduated from high school and worked legitimate jobs. He provided assistance to his mother in her struggles with drug abuse and a lung disease, and also helped his aunt, who was HIV positive. He also treated his girlfriend's child as his own and helped raise her. His girlfriend wrote a letter praising defendant and his role in raising the child, whom he considers his own. Further, after being detained, defendant sought to

3

improve himself and participated in programming. I received certificates from the Dodge County Detention Facility ("DCDF"), as well as the Salvation Army pertaining to a Bible Study course he took.

Second, although the range was reduced somewhat by the safety valve provision, it still produced a sentence greater than necessary to deter defendant, who had never been incarcerated, from committing any future crimes. Generally speaking, a lesser sentence will be sufficient to deter someone who has not been to prison before than one who has done serious time and yet continues to re-offend. It appeared that defendant's current detention and the resulting separation from his family had made an impression on him.

Finally, I found defendant comparable to co-defendant Donte Davis, whom I sentenced to 57 months in prison. Davis had an identical guideline range and qualified for the safety valve.

Under all of the circumstances, I found that a sentence of 57 months was sufficient but not greater than necessary under § 3553(a). This sentence was effectively 2 levels below the advisory range.

I declined, under the circumstances of this case, to calculate the sentence based on a 20:1 crack/powder cocaine ratio. See United States v. Gipson, 425 F.3d 335 (7th Cir. 2005). The drug weight agreed to by the government in this case – both in the charging decision and the plea agreement – was quite conservative, as I have previously found in co-defendants' cases and found also in this case. The individual circumstances discussed supported the sentence imposed. In any event, the sentence imposed fell within the range that a 20:1 ratio would create.

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 57 months. I found this sentence sufficient but not greater than necessary under all of the circumstances. Upon release, I ordered defendant to serve a three year supervision term, the conditions of which included drug testing and treatment, and others which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge